IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE E. PEDROZA, et al

   Plaintiffs

   v.

HENRY M. PAULSON, et al

   Defendants

CIVIL NO. 08-1927 (SEC)

**OPINION AND ORDER**

Pending before this Court is Defendant's motion to dismiss. Docket # 7. Plaintiffs did not file an opposition. After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED**.

**Factual and Procedural Background**

On August 21, 2009, Plaintiffs, U.S. military veterans residing in the Commonwealth of Puerto Rico, filed a writ of *mandamus*, arguing that pursuant to the Economic Stimulus Act of 2008, P.L. 110-185, 26 U.S.C. § 6428, the Internal Revenue Service mailed special information packages to recipients of Veterans Affairs benefits residing in the 50 states, which include Forms 1040A, that allows each veteran the option of deciding whether they want to receive the economic stimulus payment. They further note that those eligible individuals who opt for receiving the economic stimulus payment will receive their check directly from the U.S. Department of Treasury. Based on the foregoing, Plaintiffs move this Court to order that Henry M. Paulson, Jr., Secretary of Treasury of the U.S. Department of Treasury, mail them the special information packages, including Forms 1040A, and that the Department of Treasury send the economic stimulus payment checks directly to those Plaintiffs who opt to receive them. On

**CIVIL NO. 08-1927 (SEC)**                                                                                                   Page 2

September 8, 2008, Plaintiffs filed a motion submitting the economic stimulus checks sent to them by the P.R. Department of Treasury. Docket # 3.

On November 24, 2008, Defendants filed a motion to dismiss, alleging that Plaintiffs did not exhaust administrative remedies, therefore, this Court lacks subject matter jurisdiction. Docket # 7. They further argue that Paulson had no legal duty to directly issue refunds, or send the information packages under the Economic Stimulus Plan to Plaintiffs, thus, their writ of *mandamus* should be dismissed.

Despite this Court granting Plaintiffs' request for an extension of time to oppose, they did not file an opposition. Docket # 10. Therefore, Defendants' motion is deemed unopposed.

**Standard of Review**

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008). In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Id. Notwithstanding, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007). Complaints do not need detailed factual allegations. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). However, factual allegations must be enough to raise a right to relief above the speculative level. Id. The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of

**CIVIL NO. 08-1927 (SEC)**                                                                                     Page 3

facts in support of his claim which would entitle him to relief." Davis v. Monroe County Bd. of Ed., 526 U.S. 629, 654 (1999) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

However, "[a]lthough this standard is diaphanous, it is not a virtual mirage." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Id. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). Therefore, "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. As such, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).

To survive a motion to dismiss at this stage, "it is enough for a plaintiff to sketch an actionable claim by means of a generalized statement of facts from which the defendant will be able to frame a responsive pleading." Langadinos v. American Airlines, Inc., 199 F.3d 68, 73 (1st Cir. 2000) (citing Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992) (internal citations omitted))). In so doing, "a plaintiff can make allegations *either* on the basis of personal knowledge or on 'information and belief.'" Id.

**CIVIL NO. 08-1927 (SEC)**                                                                                              Page 4

**Applicable Law and Analysis**

The Economic Stimulus Act provides rebate checks up to $600 per person, or $1,200 per couple, which constitute refundable credit against tax imposed for 2008. 26 U.S.C. § 6428(a) & (b). Eligibility for the Economic Stimulus Act for those residing in the 50 states is determined by their 2007 1040 income tax returns. If an eligible individual earns at least $3,000 in qualifying income, which includes veterans benefits, that individual will receive a minimum payment of $300 per person, or $600 per couple. 26 U.S.C. § 6428(b) & (e). Insofar as veterans' benefits are non-taxable, and as such, veterans ordinarily do not file Form 1040 returns, they are required to file Form 1040 returns in order to receive the economic stimulus payment. Therefore, those veterans who received the special package, that includes Form 1040, and do not submit said form to the Internal Revenue Service, will not receive the economic stimulus package. However, this is not the case in Puerto Rico.

The Economic Stimulus Act specifically addresses how fund payments to residents of U.S. Territories (Puerto Rico is a "territory" or "possession" for tax purposes) that have non-mirror tax codes (the income tax liability is not determined by reference to the income tax laws of the United States), will be made. Specifically, the Economic Stimulus Act requires the Secretary of Treasury to make a lump sum payment to U.S. Territories, equal to the estimated amounts of the aggregate benefits to such territory if a mirror tax code were in place. 26 U.S.C. § 6428, Note "Treatment of Possessions." Thereafter, the territory must submit a plan under which the stimulus payments will be distributed to its residents. Upon reviewing the record, this Court finds that Plaintiffs concede to the foregoing. Notwithstanding, Plaintiffs argue that the inclusion of U.S. Military veterans who reside in Puerto Rico, in said lump sum payment, violates the Economic Stimulus Act. According to Plaintiffs, Defendants did not afford them

the option of choosing whether or not they wanted to receive the economic stimulus payment as is the case for veterans within the 50 states.

This Court notes that the Economic Stimulus Act establishes a different mechanism for payment in U.S. Territories. Specifically, the Secretary of Treasury is obligated to make a lump sum payment to the U.S. Territories, which is then distributed by each territory pursuant to its particular plan. Under Puerto Rico's plan, submitted on April 8, 2008, and approved by the U.S. Department of Treasury on April 16, 2008, veterans' benefits recipients who reside in Puerto Rico are not required to file a return or any other documentation in order to receive their economic stimulus payment. See Docket # 7, Ex. B, Plan for Distribution of Recovery Rebates, 3.1.2. Unlike veterans in the 50 states, those in Puerto Rico receive the economic stimulus automatically, without the need to submit Form 1040. Therefore, Defendants have fully complied with the Economic Stimulus Act. Furthermore, the U.S. Secretary of Treasury does not have an obligation or duty to send the special packages to veterans who reside in Puerto Rico, insofar as Puerto Rico's plan does not require filing additional documents in order to benefit from the Act. As such, Plaintiffs' claims fail. Moreover, Plaintiffs received the economic stimulus checks issued by the Puerto Rico Department of Treasury. See Docket # 3.  They have failed to show how this violates their rights, or caused them any prejudice.

Based on the foregoing, Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 7th day of May, 2009.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge